Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Attorneys for Debtor*
Steven Gregory Ow

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>STEVEN GREGORY OW,<br><br>                    Debtor. | Case No. 9:18-bk-11786-MB<br><br>Chapter 11<br><br>**SUPPLEMENT TO STIPULATION RE CHAPTER 11 PLAN OF REORGANIZATION TREATMENT OF CLAIM HELD BY USB/BSI (Docket No. 123)**<br><br>**Property Address:** 10855 Presilla Road, Camarillo, CA 93012<br><br><u>*Next Status Conference:*</u><br>Date:  December 16, 2020<br>Time:  1:30 p.m.<br>Place:  Courtroom 201<br>         1415 State Street<br>         Santa Barbara, CA 93101 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Steven Gregory Ow, the debtor and debtor-in-possession ("DIP") herein (hereinafter the "Debtor") and U.S. Bank Trust National Association as Trustee Of Cabana Series III Trust as serviced by BSI Financial (hereinafter "USB/BSI"), hereinafter collectively referred to as the "Parties," by and through their respective counsel, hereby stipulate and agree as follows:

# RECITALS

A. The Debtor commenced his bankruptcy case by filing a voluntary petition under Chapter 13 on October 29, 2018. Once this case was filed and creditors started to file their proofs of claim ("POC"), the Debtor learned that his debts exceed the limits of 11 U.S.C. §109(e) and he therefore filed his *Motion to Convert Case to Chapter 11* on April 22, 2019 (Docket No. 39) and the case was converted on May 30, 2019 (Docket No. 43).

B. USB/BSI holds the first priority lien against Debtor's home located at 10855 Presilla Road, Camarillo, CA 93012 (the "Subject Property") and is owed approximately $983,944, per the loan payoff statement attached as Exhibit "E" to the Debtor's *Disclosure Statement Describing Chapter 11 Plan of Reorganization* (hereinafter the "Disclosure Statement") [Docket No. 112].

C. USB/BSI's claim is treated in Class 1 of Debtor's *Chapter 11 Plan of Reorganization* (hereinafter the "Plan") [Docket No. 113].

D. U.S. Bank filed its *Objection* to the adequacy of the Debtor's Disclosure Statement on January 27, 2020 (Docket No. 118).

E. The Parties thereafter entered into a loan modification agreement ("Loan Modification Agreement")[1] which is attached as Exhibit "1" to the *Stipulation re Chapter 11 Plan of Reorganization Treatment of Claim Held by U.S. Bank* (the "Original Plan Stipulation") entered into between the Parties and filed with the Court on February 28, 2020 (Docket No. 12). The Original Plan Stipulation is attached as Exhibit "G" to the Debtor's Disclosure Statement.

F. The Original Plan Stipulation contains the Parties' agreement that the Debtor will provide for Plan treatment of USB/BSI's (its successors or assigns) claim in accordance with the Loan Modification Agreement and the Original Plan Stipulation.

G. USB/BSI thereafter offered the Debtor a loan forbearance to provide him with COVID-19 related financial relief, covering the monthly mortgage payments for June

---

[1] Also attached as Exhibit "F" to the Debtor's Disclosure Statement.

1 and July 1, 2020.

    H.    The Parties subsequently entered into a Deferment Agreement which states that the USB/BSI has deferred a total of $8,682.88 and that the Debtor will have to repay this amount by the earliest of: (i) the date he sells or transfers his interest in the property; (ii) the date he pays the entire unpaid principal balance, or (iii) the loan maturity date. The Deferment Agreement is attached hereto as **Exhibit "1"** and incorporated by reference as if fully set forth herein.

    I.    The Parties have conferred and negotiated in good faith concerning the *amended* treatment of USB/BSI's claim, to include the terms of the Deferment Agreement. Based on these good faith negotiations, the Parties have arrived at a settlement which is acceptable between the Parties. Those acceptable terms and provisions are set forth below.

## STIPULATION

NOW, THEREFORE, the Parties hereby agree as follows:

1.    The Recitals set forth above are incorporated herein by this reference and shall be deemed a material part of this Stipulation.

2.    The Debtor intends to provide for Plan treatment of USB/BSI (its successors or assigns) claim in accordance with the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation. USB/BSI (its successors or assigns) reserves the right to review the Debtor's Disclosure Statement and Plan, as amended, to verify that the terms of the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation do appear in the Plan and are not materially affected by other the terms of the Disclosure Statement and Plan, as amended.

3.    The Debtor shall seek Plan confirmation in conformity with the terms of the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation and USB/BSI (its successors or assigns) will vote in favor of

**RESNIK HAYES MORADI LLP**        **STIPULATION**

confirmation of the Debtor's Plan, as amended, provided it contains provisions consistent with the rights and obligations of the parties set forth in the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation.

4. The Debtor believes that this Stipulation is in the best interests of the Debtor, the estate, creditors and other parties in interest.

5. The other terms of USB/BSI's (its successors or assigns) original Deed of Trust and Note shall remain in full force and effect unless directly modified by the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation.

6. Upon entry of the order confirming the Debtor's Plan, as amended, the automatic stay shall terminate, unless it has already been terminated by operation of law and USB/BSI (its successors or assigns) must provide Debtor with notice of any default related to the Loan Modification Agreement, the Original Plan Stipulation, the Deferment Agreement and this Stipulation in accordance with the Note and Deed of Trust, and applicable state law, and/or proceed with all its remedies under the terms of the Loan Modification Agreement, Deferment Agreement and Note and Deed of Trust, and applicable state and federal law, including but not limited to foreclosure of the Subject Property, without further notice, order, or proceeding of this Court.

7. The terms of this Stipulation may not be modified, altered, or changed without the express written consent of the Parties.

8. This Stipulation may be executed in any number of identical counterparts, each of which together shall be deemed to be an original, and all of which together shall be deemed to be one and the same instrument when each party has signed one such instrument.

///

///

///

9. Facsimile or electronic mail signature to this Stipulation shall be sufficient to bind the party and will have the same force and effect as an original.

Dated:  October 29, 2020     **RESNIK HAYES MORADI LLP**

                                        **By:**  /s/ Roksana D. Moradi-Brovia
                                              **Roksana D. Moradi-Brovia**
                                              **Matthew D. Resnik**
                                              *Attorneys for Debtor*
                                              Steven Gregory Ow

Dated:  October 29, 2020     **GHIDOTTI BERGER**

                                        By:   **SEE NEXT PAGE**
                                              **Merdaud Jafarnia**
                                              *Attorneys for*
                                              U.S. Bank

9. Facsimile or electronic mail signature to this Stipulation shall be sufficient to bind the party and will have the same force and effect as an original.

Dated: October 29, 2020      **RESNIK HAYES MORADI LLP**

    **By:**    /s/ Roksana D. Moradi-Brovia
    **Roksana D. Moradi-Brovia**
    **Matthew D. Resnik**
    *Attorneys for Debtor*
    Steven Gregory Ow

Dated: October 29, 2020      **GHIDOTTI BERGER**

    **By:** _____
    **Merdaud Jafarnia**
    *Attorneys for*
    U.S. Bank

# EXHIBIT 1

**Deferment Agreement**

Mailing Address:        10855 PRESILLA RD SANTA ROSA VA CA 93012

Subject Property Address:  10855 PRESILLA RD CAMARILLO CA 93012

Date of Security Instrument and Note:

Loan Number:            ███2310

This Deferment Agreement is made September 22, 2020, Between STEVEN OW AND TONI OW ("Borrower"), and BSI Financial Services, servicer for US BANK TRUST NATIONAL ASSOCIATION (hereinafter referred to as "Lender").

In consideration of mutual promises, and agreements exchanged, the parties hereto agree as follows (not withstanding anything to the contrary contained in the Note and Deed of Trust):

1. BSI Financial Services will defer the monthly mortgage payments for June 1,2020 through July 1, 2020. Borrower agrees to pay in full the deferred interest amount of $8,682.88 and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire unpaid principal balance, or (iii) the Maturity Date.

2. Borrower's next payment is due on 8/1/2020 in the amount of $6,780.09. The amount of Borrower's monthly payments may change in accordance with the terms of the Note. The escrow payments, if any, may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly. Borrower will continue to make monthly payments on the same day of each succeeding month until principal and interest are paid in full.

3. After such deferment, Borrower agrees to pay the remainder of said Note according to the terms contained therein.

4. In all other respects said Note and Deed of Trust shall remain unaffected, unchanged and unimpaired by reason of this agreement.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

6. Nothing in this Agreement shall be understood or construed to be forgiveness of the deferred amount or a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. If the Borrower defaults under the terms of the Note and Security Instrument, all the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also include the deferred amounts under this Agreement.

8. IF THE MATURITY DATE OF THE LOAN WAS NOT EXTENDED BY THE TERMS OF THIS AGREEMENT, THEN THIS AGREEMENT CONVERTS YOUR LOAN INTO A BALLOON LOAN, WHICH MEANS THAT EVEN IF YOU MAKE ALL YOUR SCHEDULED PAYMENTS WHEN DUE THE LOAN WILL NOT BE PAID IN FULL AT THE END OF

ITS TERM. AS A RESULT, ON THE MATURITY DATE, YOU WILL BE REQUIRED TO REPAY, IN A SINGLE PAYMENT, THE ENTIRE REMAINING PRINCIPAL BALANCE, IF ANY, THE DEFERRED AMOUNT INCIDATED ABOVE, PLUS ALL ACCRUED AND UNPAID INTEREST AND ALL OTHER AMOUNTS OWING ON THAT DATE (INCLUDING BUT NOT LIMITED TO ALL ADVANCES MADE BY LOAN SERVICER/LENDER UNDER THE TERMS OF THE SECURITY INSTRUMENT).

9. If Borrower has filed a bankruptcy petition and there is an "automatic stay" in effect in a bankruptcy case or if Borrower has received a discharge of personal liability for the loan obligation, Lender may not and does not intend to pursue collection of that loan obligation from Borrower personally. Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

10. Borrower agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrowers understands that either a corrected Agreement or a correction letter containing the correction will be provided to borrower for signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If you elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and you will not be eligible for a deferment under this agreement.

The undersigned agrees to the conditions of the above agreement.

Borrower(s)

Signature _____    Date 10/1/2020

Printed Name Steven Ow

Signature _____    Date 10/1/2020

Printed Name Toni Ow

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENT TO STIPULATION RE CHAPTER 11 PLAN OF REORGANIZATION TREATMENT OF CLAIM HELD BY USB/BSI (Docket No. 123) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/29/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 10/29/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

No Judge's Copy required for documents less than 25-pages per GENERAL ORDER 20-06 - IN RE: PROCEDURES FOR PHASED REOPENING DURING COVID-19 PUBLIC EMERGENCY.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/29/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/29/2020 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Sharon Harris**   sharon.harris@wellsfargo.com
- **Lemuel Bryant Jaquez**   bknotifications@ghidottiberger.com,gbadmin@ecf.courtdrive.com
- **Alexander K Lee**   ecfcacb@aldridgepite.com, akl@ecf.courtdrive.com
- **Roksana D. Moradi-Brovia**   roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Kristin A Zilberstein**   Kris.Zilberstein@Padgettlawgroup.com, BKecf@padgettlawgroup.com;Kris.Zilberstein@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL [CONTINUED]**:

Steven Gregory Ow
10855 Presilla Road
Camarillo, CA 93012

ALL CREDITORS AND THOSE THAT HAVE FILED CLAIMS/REQUESTED SPECIAL NOTICE:

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Employment Development Dept.
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280

California Department of Tax and Fee
Administration
Account Information Group MIC:29
P.O. Box 942879
Sacramento, CA 94279

U. S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

BSI Financial Services
1425 Greenway Dr.
Irving, TX 75038

Kristin Zilberstein, Esq.
GHIDOTTI | BERGER LLP
Attorneys for US Bank Trust NA
1920 Old Tustin Ave.
Santa Ana, CA 92705

Quality Loan Service Corp
411 Ivy Street
San Diego, CA 92101

RMS
P.O. Box 19646
Minneapolis, MN 55419

Wells Business SBA Loan
MAC D4004-03A
P.O. Box 202902
Dallas, TX 75320-2902

Wells Fargo Bank NA
435 Ford Rd.
Suite 300
St. Louis, MN 55426

Wells Fargo Bank Nv Na
Po Box 31557
Billings, MT 59107

Wells Fargo Bank
Small Business Lending Division
PO Box 29482
MAC S4101-08C
Phoenix, AZ 85038

Wells Fargo Bank NA
Default Document Processing
1000 Blue Gentian Rd.
N9286-01Y
Eagan, MN 55121

US Bank Trust NA as Trustee of Cabana Series III Trust
c/o BSI Financial Services
1425 Greenway Drive, Suite 400
Irving, TX 75038

Wells Fargo Bank, N.A.
1000 Blue Gentian Road N9286-01Y
Eagan, MN 55121-7700

USAA Savings Bank

10750 McDermott Freeway
San Antonio, TX 78288-9876

Ventura County Tax Collector
800 South Victoria Avenue
Ventura, CA 93009-1220

Premier America Credit Union/

Pacific Oaks Fed Cr Un
19867 Prairie Street
Chatsworth, CA 91311-2177

Farmers Ins Group Fcu
PO Box 36911
Los Angeles, CA 90036-0911

RETURNED MAIL/REMOVED CREDITORS:

Usaa Savings Bank
Po Box 47504
San Antonio, TX 78265
(new address above)

Pacific Oaks Fed Cr Un
Po Box 5507
Oxnard, CA 93031
(merged with Premier America Credit Union)

Farmers Ins Group Fcu
4680 Wilshire Blvd
Los Angeles, CA 90010
(new address above)